

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-17-2002

# USA v. Zemo

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Zemo" (2002). *2002 Decisions.* Paper 409.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/409

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No:  00-2742/2551

UNITED STATES OF AMERICA,
Appellant in 00-2742

v.

NANCY ZEMO,
Appellant in 00-2551

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 98-cr-00545-2)
District Judge: Honorable Jan E. DuBois

Argued on March 21, 2002

Before: NYGAARD, ROTH and AMBRO, Circuit Judges

(Opinion filed: July 17, 2002)

Michael L. Levy
Unites States Attorney

Robert A. Zauzmer
Assistant United States Attorney
Chief of Appeals

Kathy A. Stark        (Argued)
Assistant United States Attorney
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Appellant, USA

Jay S. Gottlieb, Esquire (Argued)
215 South Broad Street
Suite 300
Philadelphia, PA 19107

Counsel for Appellee, Nancy Zemo

O P I N I O N

ROTH, Circuit Judge:

In this criminal appeal, Defendant Nancy Zemo asks us to reverse her 17-count conviction for conspiring to steal union funds, aiding and abetting theft of union funds, and failing to keep required records.  See, e.g., 18 U.S.C.  371, 29 U.S.C.   501, 29 U.S.C.   439(b).  The Government cross-appeals the District Court's decision to grant a downward departure in sentencing and argues that Zemo should instead be sentenced to 15-21 months of incarceration.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C.   3231. We have jurisdiction over the appeal and cross-appeal pursuant to 28 U.S.C.   1291 and 18 U.S.C.   3742(b), respectively.

We have reviewed Zemo's argument that the evidence was insufficient to support the counts of her conviction, and we find it to be without merit.  However, we also reject the Government's argument that the District Court erred by granting Zemo a downward departure in sentencing.  We review downward departures for an abuse of discretion, United States v. Sweeting, 213 F.3d 95, 96-97 (3d Cir. 2000), and, as explained below, we find no reason to upset the District Court's ruling under this standard.

A departure from a sentencing guideline is permitted only in those rare cases where "certain aspects of the case [are] found unusual enough for it to fall outside the heartland of cases in the Guideline."  Koon v. United States, 518 U.S. 81, 98 (1996).  In deciding whether to depart from the guidelines, a district court should be informed by "by its vantage point and day-to-day experience in criminal sentencing," as the unusual nature of any given case will be "determined in large part by comparison with the facts of other Guidelines cases."  Id.  The District Court followed Koon when it departed downward based on the stark disparity between Zemo's theft and other thefts in the same sentencing category.

The unique circumstances surrounding Zemo's offense become apparent when her actions are compared to those of her co-conspirator, Steven McLaughlin.  Zemo was secretary/treasurer for the Eastern Montgomery County Area Local 2233 postal workers union, and she helped McLaughlin, its president, steal from the union by unquestioningly reimbursing the exorbitant bills McLaughlin presented to her.  McLaughlin received almost all of the benefits from the thefts.  Zemo's benefits were limited to taking two vacations with McLaughlin and three other trips paid for by the Union.

Although Zemo and McLaughlin were charged with the same counts of conspiracy and theft of union funds, Zemo was convicted on only 17 of the 21 counts brought against her.  McLaughlin, however, was convicted of all 21 counts brought against him, including a charge that he perjured himself before the grand jury as prohibited by18 U.S.C.   1623.

In calculating Zemo's offense level, the District Court applied 1998 U.S.S.G. 2B1.1 as the base offense guideline applicable to conspiracies to steal union funds under 18 U.S.C.   371.  Section 2B1.1 addresses property offenses such as theft and embezzlement.  It provides a base offense level of four and calls for upward adjustment based on the dollar amount of the loss caused by the offense.  Because the total amount of loss for which Zemo was criminally responsible was $20,000-$40,000, the District Court added six offense levels.  See 1998 U.S.S.G.   2B1.1(b)(1)(G). It also added four additional levels because Zemo took affirmative steps to conceal her offense and abused a position of trust.  Thus, the District Court initially calculated Zemo's offense level as 14.

Combined with Zemo's criminal history category of I, her offense level of 14 established a Zone D range requiring  51-21 months of incarceration. See 1998 U.S.S.G. Chapter Five, Part A.  The District Court found Zemo's offense to be unusual and outside the heartland, however, when compared with the 24 month incarceration period that the Guidelines established for McLaughlin.  McLaughlin pocketed the bulk of the proceeds stolen from the union, while Zemo received very little benefit.  Thus, to reflect the unusually limited benefit  Zemo gained by virtue of her property offense, District Court readjusted her offense level down to 10.  Her sentence was reduced to three years probation on all counts of conviction, with the first eight months to be served under house arrest.  Zemo was also ordered to pay $5,000 in restitution and a special

assessment of $850.

In conclusion, the benefits that Zemo received from her theft of union funds were unusually limited in comparison to the benefits received by McLaughlin or by the vast majority of other offenders convicted of stealing property worth $20,000 to $40,000. We find, based on these unique facts, that the District Court did not abuse its discretion in finding Zemo's conviction to be outside of the heartland of theft offenses covered by 1998 U.S.S.G. 2B1.1(b)(1)(G).

We will affirm the judgment of conviction and sentence of the District Court.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,

/s/ Jane R. Roth
       Circuit Judge